United States District Court
Southern District of Texas
**ENTERED**
August 10, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIA DELGADO, | § | |
| Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. H-18-1059 |
| ALLSTATE TEXAS LLOYDS, | § § § | |
| Defendant. | § § | |

### MEMORANDUM AND RECOMMENDATION

On June 12, 2018, the court questioned the basis for subject matter jurisdiction in this case post-severance and ordered Defendant to show the basis for jurisdiction. On June 26, 2018, Defendant submitted a brief contending that there is jurisdiction and provided evidence in support of this contention. The original complaint containing all four misjoined Plaintiffs lumped the damages together. After severance, Plaintiff's amended complaint alleged no specific amount of damages in this case, but Plaintiff affirmatively seeks treble damages, interest, and attorney's fees for Defendant's alleged violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA").

28 U.S.C. § 1441(a) allows for the removal of state court actions in cases where federal courts would have original jurisdiction over the action. Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007); 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).  The burden is on the removing party to show that removal was proper and that there is federal jurisdiction. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  The Fifth Circuit has stated that, "[i]n removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).  Courts strictly construe the removal statute and any ambiguities are resolved in favor of remanding the case back to state court. Id.

A court determines if the amount in controversy is facially apparent by examining the complaint and ascertaining whether the amount in controversy is "likely" to exceed $75,000. See Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).  In conducting this analysis, the court may refer to the types of claims alleged by the plaintiff and the nature of the damages sought. See id. The court must look to the jurisdictional facts at the time of removal to determine whether the court has jurisdiction. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).  The court, in determining whether it is properly vested with subject matter jurisdiction, is "free to weigh the

evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005)(quoting Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004)).

If a defendant "is able to show that the amount in controversy exceeds the jurisdictional amount," then removal is proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). "At this point, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938)). Plaintiffs "may attempt to establish such 'legal certainty' by submitting a 'binding stipulation or affidavit' with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold." Ditcharo v. United Parcel Serv., Inc., 376 F. App'x 432, 437 (5th Cir. 2010)(quoting De Aguilar, 47 F.3d at 1412).

Defendant contends that the claims pre-severance should be aggregated which makes the amount in controversy exceed $75,000, citing Louisiana v. American National Property and Casualty Company, 746 F.3d 633, 637-40 (5th Cir. 2014). The court disagrees. The Louisiana case involved jurisdiction under the Class Action Fairness Act ("CAFA"), which is distinct from the assertion of diversity jurisdiction in this case. In this case, at the time of

removal, four unrelated homeowner insurance claims were improperly joined into one case. Because the claims were misjoined, the court will consider if there is jurisdiction over Plaintiff's claim.

In Defendant's brief, it argues that the amount in controversy is met, pointing to a notice letter sent by Plaintiff demanding $14,400.00 in damages. Defendant also asserts that Plaintiff asks for treble damages, interest, and attorney's fees and points to statements in that letter and Plaintiff's response to the motion for summary judgment that Plaintiff actually seeks more than the $14,400.[1] Courts may take into account treble damages, penalties, and attorney's fees when calculating the amount in controversy in Texas Insurance Code and DTPA cases. See, e.g., St. Paul Reinsurance, 134 F.3d at 1253

"Federal courts are courts of limited jurisdiction" and may exercise jurisdiction over cases as authorized by the United States Constitution and the jurisdictional statutes." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); see also Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). Here, in the absence of facts or credible inferences, Defendant's assertion that the amount in controversy in this case exceeds $75,000 is wishful thinking. Even taking into account treble

---

[1] For example, in her response to Defendant's motion for summary judgment, Plaintiff states, "it is anticipated that at trial, [Plaintiff] will be able to prove actual damages in excess of the amount set forth in the statutorily-required notice letter." See Doc. 19, Pl.'s Resp. to Def.'s Mot. for Summ. J. p. 8.

damages and attorney's fees, it is unclear on what basis Plaintiff could be awarded in excess of $75,000, and the court will not base its jurisdiction on speculation. The court therefore finds that it does not have jurisdiction in this case and **RECOMMENDS** that it be **REMANDED** to state court.

    **SIGNED** in Houston, Texas, this 10th  day of August, 2018.

                                                               U.S. MAGISTRATE JUDGE