UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIO DELGADO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-1059 |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER OF REMAND**

Pending before the court is a memorandum and recommendation ("M&R") filed by Magistrate Judge Nancy Johnson. Dkt. 28. The Magistrate Judge recommends remanding the action for lack of subject matter jurisdiction. *Id.* Both plaintiff Patricio Delgado and defendant Allstate Texas Lloyds ("Allstate") have objected. Dkts. 29, 32. After considering the M&R, objections, evidence, and applicable law, the court is of the opinion that the M&R should be ADOPTED IN FULL and the case should be REMANDED.

**I. BACKGROUND**

This case was removed to federal court based on diversity jurisdiction. Dkt. 1 at 1. Four insured plaintiffs sued Allstate in state court for damage to four different properties on four different dates. Dkt. 10 at 3. Allstate removed and moved to dismiss the improperly joined parties, or in the alternative, sever the suit into four separate lawsuits. Dkts. 1, 10. Judge Johnson found the claims were "factually unrelated" and severed the claims. Dkt. 12. Judge Johnson ordered each plaintiff to file an amended complaint that related solely to his or her claims. *Id.* at 2. After severing the claims, Judge Johnson ordered Allstate to show the basis for jurisdiction. Dkt. 21. Judge Johnson concluded that the court lacked subject matter jurisdiction because it was "unclear on what basis

Plaintiff could be awarded in excess of $75,000." Dkt. 28 at 5. Both Delgado and Allstate have objected that the court has subject matter jurisdiction because the amount in controversy has been met. Dkts. 29, 32.

## II. STANDARD OF REVIEW

A party may file objections to a Magistrate Judge's ruling within fourteen days of being served with a copy of a written order. Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(c). The standard of review used by the district court depends on whether the Magistrate Judge ruled on a dispositive or non-dispositive motion. *See* Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(c). For dispositive matters, the court "determine(s) de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* Motions to remand are considered dispositive motions. *Davidson v. Georgia-Pac, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

## III. OBJECTIONS

Both parties objected to the M&R. Dkts. 29, 32.

**A.  No amended complaint**

First, Allstate objects that Delgado's original complaint meets the amount in controversy and that the Magistrate Judge incorrectly found that Delgado filed an amended complaint. Dkt. 29 at 3. Allstate argues that the original complaint is Delgado's only affirmative pleading and it states that "Plaintiff individually seeks monetary relief over $200,000." *Id.* According to Allstate, the use of "Plaintiff" in the singular form and the fact that the Texas Rules of Civil Procedure do not permit the pleading in the aggregate amount means the Magistrate erred in finding that the amount in the original complaint represents the aggregate amount. *Id.*

Although Allstate is correct in that Delgado did not file an amended complaint, the Magistrate Judge did not err in concluding that the original complaint specified damages in the aggregate. The original complaint filed in state court included the claims of all four misjoined plaintiffs. Dkt. 1-7. Even Delgado expressly acknowledged that the monetary relief specified in the original complaint represented the amount sought by all four plaintiffs collectively. Dkt. 32 at 2. Because the amount sought in the original petition represented the damages sought by all four plaintiffs and Delgado did not file an amended complaint, the court will proceed as though Delgado did not specify the amount of damages.

**B       Burden to prove amount in controversy**

Second, Allstate argues that the Magistrate incorrectly placed the burden on Allstate to establish the amount in controversy because the complaint alleged a specific amount of damages. Dkt. 29 at 5. Allstate also argues that plaintiff Delgado never contested the federal court's jurisdiction and has repeatedly invoked the federal court's jurisdiction. *Id.* at 3. Delgado objects that the amount in controversy does exceed the jurisdictional amount. Dkt. 32.

Generally, the removing party has the burden to show that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "When a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). To establish the jurisdictional amount, the district court (a) "must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount" or (b) "rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.*

3

Here, Delgado did not specify the amount of damages he was individually seeking after the claims were severed. Therefore, the amount in controversy must be shown by a preponderance of the evidence.

Regardless of which party had the burden, both parties would fail. Allstate did not produce evidence that establishes the actual amount in controversy exceeds the jurisdictional amount. Even if Delgado had the burden to prove the amount in controversy exceeded the jurisdictional amount, Delgado would also fail. Delgado relies on *Bates v. Laminack*, 938 F. Supp. 2d 649, for the proposition that the $11,700 specified in the pre-suit notice letter exceeds the jurisdictional amount. *Id.* at 4. Further, Delgado argues that after additional discovery, Delgado has retained an expert that will establish actual damages of $35,585.29. *Id.* at 5. Delgado alleges that trebling this estimated amount alone meets the jurisdictional amount. *Id.*

Delgado misconstrues the *Bates'* court's holding. The *Bates* court held that when a plaintiff's good faith allegation supports the required amount, a defendant must show to a legal certainty that a plaintiff cannot actually meet that threshold. 938 F. Supp. 2d at 654. Here, Delgado did not file an amended complaint, as such, there is no good faith allegation that supports the required amount. Further, while Delgado states he has retained an expert that will testify that Delgado suffered actual damages of $35,585.29, Delgado did not attach any evidence to support this proposition. The court has no basis for which to conclude that Delgado's claim exceeds the jurisdictional requirement.

Finally, it is irrelevant that the plaintiff has never contested the federal court's jurisdiction. *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) ("The question of subject matter jurisdiction can never be waived. Nor can jurisdiction be conferred by conduct or consent of the parties.")

C.  **Effect of post-removal severance on jurisdiction**

Third, Allstate argues that the Magistrate Judge erred when she concluded that post-removal severance can destroy federal jurisdiction and when she disregarded the general rule that the court looks to the jurisdictional facts at the time of removal to determine whether the court has jurisdiction. Dkt. 29 at 3.

Allstate is correct that in general, post-removal severance does not destroy federal court jurisdiction because the amount of controversy is determined at filing. However, when claims have been improperly joined, the claims must be remanded if they do not meet the jurisdictional amount. *See Accardo v. Lafayette Ins. Co.*, No. CIV.A. 06-8568, 2007 WL 325368, (E.D. La. Jan. 30, 2007) (remanding the severed claims of plaintiffs that did not meet the jurisdictional amount); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) (holding that the misjoinder of plaintiffs may be as fraudulent as the misjoinder of defendants to circumvent diversity jurisdiction); *In re Benjamin Moore & Co.,* 309 F.3d 296, 298 (5th Cir.2002) ("[I]t might be concluded that misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction.") (citing *Tapscott* ). Here, the Magistrate Judge found that the claims were improperly joined and severed them. Because Delgado's remaining claim does not meet the amount in controversy, it must be remanded to state court.

Allstate also argues that the Magistrate Judge misstates the proposition for which she cited *Louisiana v. American Nat. Property Cas. Co.*, 746 F.3d 633. *Id.* Allstate argues that *Louisiana* stands for the "proposition that a post-removal severance based on improper joinder does not destroy federal court jurisdiction." *Id.* at 6–7. Like the Magistrate Judge, the court finds *Louisiana*

distinguishable because its jurisdictional analysis centers on the Class Action Fairness Act. As such, the court does not have subject matter jurisdiction over Delgado's severed claim.

**IV. CONCLUSION**

Allstate and Delgado's objections to the M&R (Dkts. 29, 32) are OVERRULED. Accordingly, the M&R (Dkt. 28) is ADOPTED IN FULL and the action is REMANDED to the 281st Judicial District Court of Harris County.

Signed at Houston, Texas on February 19, 2019.

						_____
						Gray H. Miller
						Senior United States District Judge